UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BARBARA HARVEY,

                Plaintiff,                      Memorandum & Order
                                                     11-CV-5185 (SMG)

  -against-

JOHN DOE and
RYDER TRUCK RENTAL, INC,

                Defendants.
------------------------------------------------------x
*Gold, S., United States Magistrate Judge*:

## INTRODUCTION

In this diversity action, plaintiff Barbara Harvey seeks to recover damages for personal injuries she claims to have sustained as a result of being struck by a motor vehicle allegedly owned and operated by defendants, driver John Doe and Ryder Truck Rental. Plaintiff has been unable to identify the driver of the vehicle. As a result, the only defendant in the action is Ryder Truck Rental. Defendant Ryder has moved for summary judgment on the grounds that plaintiff cannot establish with any admissible evidence that it owned the vehicle involved in plaintiff's accident. For the reasons stated below, defendant's motion is granted.

## FACTUAL BACKGROUND

Plaintiff was injured on Saturday, January 1, 2011 while crossing St. John's Street in Brooklyn, New York as a pedestrian. Def. R.56.1 ¶ 1.[1] According to a police accident report, plaintiff's left leg was run over by a vehicle making a right turn from Buffalo Avenue onto St.

---

[1] "Def. R. 56.1" refers to Defendant's Local Rule 56.1 Statement of Undisputed Facts, Docket Entry 14-1. Plaintiff failed to submit a response to defendant's statement of facts. *See* Local Civil Rule 56.1(b) (requiring "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party" to be filed in opposition to a motion for summary judgment). Accordingly, all factual assertions in defendants' Rule 56.1 submission may be deemed admitted. *See* Local Civil Rule 56.1(c). In any event, the only factual question is whether defendant's truck was the vehicle which struck plaintiff. Any Local Rule 56.1 statement by the plaintiff would not materially assist the Court in answering this question for the reasons stated in this Order.

John's Street. Pfuhler Aff. Ex. D, Docket Entry 14-6. The vehicle did not stop after Harvey was hit. *Id.* Harvey is unable to identify the vehicle that struck her. Barbara Harvey Affidavit ("Harvey Aff.") ¶ 7, Docket Entry 18-1.

Police Officer James Ganly responded to the scene of the accident. Def. R.56.1 ¶ 2. According to plaintiff, a female and a male witnessed her accident. Harvey Aff. ¶ 2. A complaint report completed by Officer Ganly, however, identifies only one witness, Fay Charles, who reported to Officer Ganly that the vehicle involved in the accident was a Ryder truck with license plate number 15981MA. Pfuhler Aff. Ex. D; Ganly Dep., Docket Entry 14-7, p. 5. [2] Plaintiff, according to her own affidavit, recalls that it was the male witness who obtained the license plate information and provided it to the female witness, who in turn provided the information to the police. Harvey Aff. ¶¶ 5, 6. The male witness has not been identified.

The license plate number given to Officer Ganly was traced to a truck leased by Ryder Truck Rental to United Food Products ("UFP"). Def. R.56.1 ¶ 5. Meir Hirsch, President of UFP, acknowledges that a Ryder truck with license plate number 15981MA was leased to his company at the time of the accident. Meir Hirsch Affidavit ("Hirsch Aff.") ¶ 3, Docket Entry 14-8. Mr. Hirsch states in his affidavit that, for religious reasons, UFP regularly closes early on Friday afternoon and does not reopen until Monday morning. Hirsch Aff. ¶ 4. Hirsch further states that, on weekends, the keys to his company's vehicles are locked in the UFP office where employees do not have access to them and that, to the best of his knowledge, both vehicles were parked on the street outside of the business on Friday, December 31, 2010 and were in the same place when he returned to work on Monday, January 3, 2011. Hirsch Aff. ¶¶ 5, 6.

---

[2] The accident report does not identify any witnesses to the accident. Pfuhler Aff. Ex. D. According to Officer Ganly's deposition testimony, however, he also completed a Complaint Report that identifies Fay Charles as a witness. Ganly Dep. p.5, Pfuhler Aff. Ex. E.

At an initial conference with the court held on January 19, 2012, plaintiff was given until March 8, 2012 to complete preliminary discovery designed to determine whether there was any reasonable evidence to support her claim that defendant's truck was involved in her accident.[3] Docket Entry 10. Defendant did not file its motion for summary judgment until May 1, 2012, Docket Entry 14, and plaintiff did not submit her opposition until May 30, 2012, Docket Entry 18. Thus, plaintiff had, as a practical matter, more than four months to develop evidence supporting her claim that defendant's vehicle was involved in her accident. Moreover, plaintiff has not sought additional time to take discovery or identified what discovery she would take.

## LEGAL BACKGROUND

*Summary Judgment Standard*

A party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue of fact is material if it "might affect the outcome of the suit under the governing law," and a dispute about that fact is genuine "if the evidence [supporting it] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation omitted). In reaching a summary judgment determination, the court must resolve ambiguities and draw reasonable inferences in favor of the nonmoving party. *Johnson v. Killian,* 680 F.3d 234, 236 (2d Cir. 2012). The moving party bears the initial burden of establishing that there are no genuine issues of material fact; once he does so, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *Anderson*, 477 U.S. at 256; *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996). Mere conclusory

---

[3] I subsequently extended the time to take this discovery to March 28, 2012. Docket Entry 12 and Order dated March 15, 2012.

allegations, however, are insufficient, and "[t]here must be more than a 'scintilla of evidence'" to defeat a motion for summary judgment. *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252).

For the reasons discussed below, Ryder has established that plaintiff has failed to produce any admissible evidence to prove that its vehicle was involved in Harvey's accident on January 1, 2011. As proof that defendant's vehicle was involved her accident, plaintiff seeks to rely on a police report completed by Officer Ganly, Docket Entry 14-6. At his deposition, Officer Ganly testified that a witness, Fay Charles, provided the license plate number of the vehicle that allegedly struck plaintiff. Ganly Dep. pp. 5-6. However, a police report based on an eyewitness' statement is generally inadmissible to prove the statement's content. *See Gervacio v. Zall*, 345 Fed. Appx. 638, 639-40 (2d Cir. 2009) (citing the 1972 Advisory Committee Notes for FED. R. EVID. 803(8), which state that "[p]olice reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer" and for FED. R. EVID. 803(6), which note that information in a police report supplied by a bystander ordinarily is inadmissible).

Apparently, plaintiff's counsel has attempted, without success, to contact Ms. Charles regarding the accident. Pl. Opp. ¶ 16, Docket Entry 18. Even if plaintiff obtained the testimony of Ms. Charles, her testimony about the vehicle involved would also be inadmissible hearsay. In her affidavit in opposition to defendant's motion, plaintiff states that a *male* witness observed the vehicle involved in the accident and recorded its license plate number on a piece of paper, and that the male witness then gave the paper to Ms. Charles. Harvey Aff. ¶ 5. Plaintiff did not personally see the license plate number of the vehicle involved in the accident. Harvey Aff. ¶ 7. Although plaintiff argues that "summary judgment may be premature" without Ms. Charles' testimony, Pl. Opp. ¶ 15, Charles' testimony – if it could be obtained -- would be inadmissible

4

hearsay if, as plaintiff believes, Charles did not identify the vehicle involved but rather learned of its license plate from an unidentified witness.

## CONCLUSION

For these reasons, I conclude that plaintiff has failed to present admissible evidence that raises a genuine issue of material fact. Defendant's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
August 14, 2012

*U:\ALT 2012\Harvey v doe 080612.docx*